**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| JERMAINE M. HILL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-049-TRM-CHS |
| | ) | |
| KEVIN MARTIN, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, an inmate in the Bedford County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of execution of a warrant against him (Doc. 1) and a motion for leave to proceed *in forma pauperis*. (Doc. 5.) For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED**, and this action will be **DISMISSED as duplicative**.

## I. FILING FEE

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* (*id.*) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure

payment of the filing fee. This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

In his complaint, Plaintiff challenges execution of a warrant against him at 10:30 p.m. on April 14, 2026, and he names Kevin Martin as a Defendant. (Doc. 1, at 1, 5.) But before he filed this action, Plaintiff filed a substantively similar complaint that also challenges the same series of events at the same time and on the same day and also names Kevin Martin as a Defendant. *Hill v. Martin and Morton*, No. 4:26-CV-32 (E.D. Tenn., filed May 20, 2026) at Doc. 1, at 5.

Federal courts try to avoid "duplicative litigation." *See Smith v. S.E.C.*, 129 F.3d 356, 360 (6th Cir. 1997) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Accordingly, the Court will **DISMISS** this action as duplicative. *Id.* at 361 (providing that, to be duplicative, a case "'must be materially on all fours with the other . . . . [T]he issues 'must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'"'); *Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another ([]federal lawsuit by the same plaintiff'") (quoting *Daley v. U.S. Dist. Court Dist. of Del.,* 629 F.Supp.2d 357, 359–60 (D. Del. 2009) (internal citations omitted).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;
2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it is duplicative and therefore subject to dismissal;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**